IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT E. WEBSTER<br><br>Plaintiff,<br><br>v.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC.,<br><br>Defendant. | Case No. 3:16-cv-01060-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Plaintiff, Robert E. Webster, moves for leave to file an amended complaint after I previously granted him leave to amend his fraud claim. (doc. 19). Defendant, Brookdale Senior Living Communities, Inc. ("Brookdale") objects, arguing that plaintiff's amended complaint has unresolved deficiencies in various provisions. For the reasons set forth below, plaintiff's Motion for Leave File an Amended Complaint (doc. 24) is DENIED.

**BACKGROUND**

The facts of this case are outlined in detail in the Court's previous Opinion and Order on the defendant's motion to dismiss. (doc. 19). Briefly, in 2007, plaintiff began residing in defendant's assisted living facility located in Forest Grove, Oregon. On September 25, 2015,

1 – OPINION AND ORDER

plaintiff fell while getting out of the shower. *Id.* at 9. He was not discovered by staff until September 27, approximately 52 hours after he had fallen. *Id.*

Plaintiff then initiated this diversity action, pleading claims for negligence, breach of contract, fraud, and violation of the Oregon Unfair Trade Practices Act ("UTPA"). He alleges almost $3 million dollars in economic and noneconomic damages. I previously granted defendant's Motion to Dismiss on plaintiff's claims for breach of contract and UTPA violations. I also dismissed plaintiff's fraud claim while granting him leave to seek amendment of his complaint. Plaintiff now seeks to amend his complaint regarding his fraud claims in his proposed First Amended Complaint ("PFAC").[1]

## STANDARDS

In his complaint, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must amount to more than a conclusory statement or a mere "formulaic recitation of the elements of a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Under Oregon law,

> [i]n order to establish actionable fraud, the plaintiff must plead and prove the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Webb v. Clark*, 546 P.2d 1078, 1080 (Or. 1976) (internal quotation marks omitted); *see Oregon Pub. Emps.' Ret. Bd. ex rel. Oregon Pub. Emps.' Ret. Fund v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (nothing the "clear and convincing" standard to prevail on a fraud claim.). To satisfy Federal Rule of Civil Procedure 9(b) heightened pleading requirements for fraud, plaintiff

---

[1] There are two motions two file this amended complaint (docs. 20 & 24). The present opinion addresses the allegations and arguments raised in the second motion (doc. 24).

2 – OPINION AND ORDER

must "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In reviewing the present motions, I "consider four factors when reviewing a decision whether to permit an amendment: (1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Sol.s, Inc.* 194 F.3d 980, 986 (9th Cir. 1999).

## DISCUSSION

In my previous opinion and order (doc. 19), based on the arguments before me at the time, I concluded that the only missing element regarding the 9(b) standard was the alleged time of the fraudulent statements. I noted that "without an archived screenshot of a particular webpage that predates the [September] 25 incident, [I] cannot conclude that plaintiff's fraud claim meets the temporal element required for adequacy under Rule 9(b)." *Id.* If the present screenshots from "The Wayback Machine" attached to Plaintiff's Motion for Leave to Amend Complaint (doc. 24) legitimately represent the timestamp on the screenshots, then the 9(b) temporal requirement would be satisfied. However, my consideration of the Motion for Leave to Amend is not concluded there.

The first factor to consider I must consider is whether there is any bad faith evidenced by plaintiff. Generally, "amendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (noting a requirement of "some statement of reasons or

3 – OPINION AND ORDER

findings of fact showing bad faith[.]"). Nothing in the briefings or motions suggest bad faith on the part of plaintiff. Although ultimately the claim is pled insufficiently, that does not rise to the level of bad faith. Accordingly, I move on to the factor of undue delay.

"Although delay is not a dispositive factor in the amendment analysis, it is relevant . . . especially when no reason is given for the delay." *Lockheed*, 194 F.3d at 986 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) and *Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996). In submitting his amended motion, plaintiff curiously creates two temporal situations when the purported fraudulent representations took place. First, plaintiff elaborates on allegations from the initial complaint with respect to representations made by Luann Arnott, executive director of the facility, in 2007. Further, he again alleges additional fraudulent statements on Brookdale's website from 2015, which were one of the issues discussed in my Order regarding the previous motion to dismiss. *Id.* ¶ 19-20. Plaintiff offers no explanation of why these new representations are now being alleged. Regardless, the amended filing does not cause undue delay and the claims are not unduly delayed, because plaintiff raised (albeit insufficient) allegations about representations made in 2007 in the initial complaint. Further, discovery of the fraud is alleged to have occurred when plaintiff fell in September 2015. Lastly, the 2015 website claims are not delayed because, primarily, the suit was filed in 2016, within the statute of limitations. Or. Rev. Stat. § 12.110(1).

With respect to the third factor, I see little to no prejudice to the opposing party in this instance. Any prejudice towards defendant or defense counsel in having to respond to the motion and PFAC is *de minimis*. Perhaps most pertinent, I explicitly granted plaintiff leave to amend on his fraud claims as district courts should "freely" do. Fed. R. Civ. Pro. 15(a). It is

preferable to allow plaintiff to submit a good faith but ultimately insufficient amended complaint than to curb to any purported prejudice, which neither party asserts here.

However, for the reasons below, I find that permitting the filing of plaintiff's PFAC would be futile because "[a] proposed amended complaint is futile if it would be immediately subject to dismissal." *Fulton v. Advantage Sales & Marketing, LLC*, 2012 WL 5182805 (D. Or. Oct. 18, 2012) (internal quotation marks omitted).

Plaintiff's PFAC still does not adequately allege facts that satisfy each of the state law elements of fraud. "It is the conclusory nature of [plaintiff's] allegations, . . . that disentitles them to the presumption of truth." *Iqbal*, 556 U.S. 662, 681. As noted above, plaintiff advances two sets of allegations regarding fraud committed by the defendant. The first deals with statements allegedly made in 2007 by Luann Arnott to plaintiff, and the second deals with statements from defendant's website in 2015. The PFAC states, in pertinent part:

> 13. On or about August 31, 2007 when plaintiff entered defendant's facility, defendant's executive director Luann Arnott informed plaintiff that at all times there would be staffing levels adequate to ensure that all medical emergencies involving plaintiff would be discovered and acted upon in a timely fashion, and that there would be mechanisms . . . in place to detect such medical emergencies in a timely fashion and that such mechanisms would be followed at all times [sic] to keep him safe. Throughout his stay with defendant plaintiff was constantly reassured by defendant's employees, including all of the facilities executive directors subsequent to Ms. Arnott, about such specific safety protections.

First. Am. Compl. ¶ 13. Plaintiff then claims "defendant knew [the statements in ¶ 13] were false[.]" *Id.* ¶ 14. Paragraph 19 states that:

> [i]n addition, in 2015, . . . defendant Brookdale represented on its website . . . that there would be a signaling system within reach of plaintiff in the bathroom to enable him to call for assistance if he should need assistance, "residents are checked on multiple times per day since they need care for different things" and "Often, if a staff member has not seen a resident for awhile, he or she may pop in the room to check on them and make sure everything is okay."

5 – OPINION AND ORDER

PFAC ¶ 19. The next paragraph states that "[a]t all times material to this action, defendant Brookdale knew that the representations in Paragraphs 19 were false" and plaintiff "justifiably relied upon these representations." *Id.* ¶ 20. Plaintiff's amended complaint is faulty in the following respects.

A.  *Plaintiff's Claim Based on the 2007 Statements of Luann Arnott*

Assuming, *arguendo*, that the purported representations from Ms. Arnott were in fact made to defendant in 2007, the statements are not initially false, which is the second element of a claim for fraud in Oregon. A plaintiff must set forth what is false about a statement and why it was false when made. *Alcantar v. MML Inv'rs Servs., Inc.*, 2008 WL 2570938, at 4 (D. Or. 2008) ("A plaintiff demonstrates a statement was false when made if the plaintiff can demonstrate inconsistent facts that had existed all along and were later revealed.")

Here, plaintiff's own amended complaint admits that in the past, when he has fallen, he was discovered by staff "within several hours of falling." PFAC ¶ 18. There are three occasions (June 4, 2014, November 7, 2014, and May 30, 2015) where defendant maintained its alleged representation and helped plaintiff when he had fallen. *Id.* In the context of a fraud claim, it is not plausible that a party would make a fraudulent representation but act on the truth of the representation for the following eight years. These three incidents where plaintiff was helped by defendant in the way it purportedly assured him that it would seriously undermines plaintiff's contention that the statements were made in an attempt to defraud him. *Cf. Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 999 (9th Cir. 2009) (noting, *inter alia*, that the allegations in the amended complaint contained contradictions).

Further, plaintiff fails to plead facts supporting fraudulent intent on the part of Ms. Arnott or the other employees. Plaintiff offers no examples of how he was "constantly reassured" by

the employees of the facility, nor does he allege which employees, specifically, offered those assurances. Moreover, plaintiff does not allege the specific content of the reassurances supposedly made to him by these other employees. Besides a mention of a roll-call sheet at meals, there is no mention of what other safety mechanisms the staff would follow at all times. Further, simply maintaining that "defendant knew [these statements] were false," is not sufficient to establish knowledge of falsity. These are examples of the type of conclusory allegations that *Iqbal* forecloses.

Plaintiff further asserts these 2007 representations were fraudulent because "defendant always intended to favor profit over ensuring staffing levels were at all times." PFAC ¶ 14. To support this contention, plaintiff offers the facts that the staffing level was inadequate on the night shift of September 26, 2015, and that he missed three breakfasts from September 25 to September 27, 2015 without being checked on by staff.

However, "to establish a defendant's fraudulent intent regarding a promise to act in the future, a plaintiff must do more than show the eventual breach of that promise." *Sizer v. New England Life Ins. Co.*, 871 F. Supp. 2d. 1071, 1079 (D. Or. 2012). While the pleadings may support the assertion that, *at some point*, defendant's motives for scaling back labor were financially based, there are insufficient allegations to suggest that *at the time of the representations*, defendant intended to defraud plaintiff. Again, this assertion is undercut by the previous three instances where plaintiff was readily helped and the fact that the events cited by plaintiff to support his contentions occurred eight years after the purported representations were made. Therefore, because plaintiff does not adequately plead facts showing that the purported statements were false when they were made or that Ms. Arnott and other employees had intent to defraud when making them, his claim would be subject to dismissal if amendment were allowed.

B. *Plaintiff's Claim Based on the 2015 Website Statements*

Plaintiff also fails to allege a claim for relief for fraud based on the 2015 statements from defendant's website. In his PFAC, plaintiff alleges that defendant represented on its website "that there would be a signaling system within reach of plaintiff in the bathroom." PFAC at ¶ 19. However, the screenshot provided plaintiff from the website only says that "[m]ost assisted living facilities have emergency call systems in every room." Attach. to PFAC at 3. This screenshot simply contains no assurances regarding a signaling system in the bathroom at the Forest Grove facility. More importantly, plaintiff does not allege that he viewed the statements and that they induced him to move into or stay at defendant's facility. It is especially unclear how statements on a website from 2015 could have induced plaintiff to move into the facility when he had already been living there since 2007.

Finally, the allegations in paragraphs nineteen and twenty evince insufficient pleading as well. Plaintiff includes specific examples from defendant's website of defendant's representations. However, as defendant correctly notes, plaintiff's pleadings do not cite specific facts regarding when plaintiff had knowledge of the statements on defendant's website and how plaintiff "justifiably" relied on those statements to continue living in defendant's facility. PFAC ¶ 20, Def.'s Resp. to Pl.'s Second Mot. Leave Am. Compl. at 8. Plaintiff does not signal any paragraph within the PFAC that denotes the materiality of the purported statements. Plaintiff cannot (as they seem to do here) implicitly rely on the potential *importance* of the statements but not allege why and how the statements are material to the present action. I agree with defendant's argument that there is no paragraph of the amended complaint that establishes this element.

The PFAC also summarily asserts that plaintiff relied on the website representations. The allegations in ¶ 20 refer to the allegations in ¶ 19. However, plaintiff does not present *how* he relied on statements on defendant's website from 2015. By implication, the contention seems to be that plaintiff relied on the statements on the website to continue living in defendant's facility. With regard to these specific paragraphs in the context of the claim as a whole, the connection between the statements on the website and plaintiff's purported reliance is extremely attenuated.

Similar to the discussion regarding materiality, there is no provision in the PFAC that establishes plaintiff's right to rely on the representations made to him. Plaintiff also does little to refute the contention that this paragraph is insufficiently pled. It is not enough to obligate the court to draw inferences and make connections based on facts in other briefs; plaintiff must expressly show in the complaint how the facts are applicable to the pertinent state law elements.

In short, plaintiff has insufficiently pled fraud based on the alleged representations from 2007 and 2015. Plaintiff has had two previous opportunities to meet the fraud pleading standards. It is unlikely that he will be able remedy these defects with regard to his fraud claim. Therefore, the motion for leave to amend is denied, and no further leave to amend on plaintiff's fraud claim will be allowed. The parties shall proceed on plaintiff's negligence claims.

///

///

///

///

///

///

///

9 – OPINION AND ORDER

## CONCLUSION

Because of the futility in granting leave, plaintiff's Motion for Leave to File an Amended Complaint is DENIED.[2] Plaintiff's first Motion for Leave to File an Amended Complaint (doc. 20) is also denied as moot. The parties shall confer and submit a proposed joint scheduling order within 30 days of this order. The schedule should include deadlines for discovery, dispositive motions, joint alternative dispute resolution report, pretrial order, and any other deadlines or provisions that the parties feel would be helpful.

IT IS SO ORDERED.

Dated this 27th day of March 2018.

Ann Aiken
United States District Judge

---

[2] Plaintiff's *sua sponte* damages amendment is also denied because the original order that granted leave to amend did not include leave to amend damages. ("[D]efendant's motion to dismiss is granted with leave to amend *on the temporal element required for an adequate averment of fraud under 9(b).*").